PIERCE LAW GROUP, LLP
David Albert Pierce, Esq. [SBN162396]
Daniel Lifschitz, Esq. [SBN285068]
9100 Wilshire Boulevard, Suite 225 East Tower
Beverly Hills, California 90212
Telephone: (310) 274-9191
Faxsimile: (310) 274-9151
Email:  David@PierceLLP.com
        Dan@ PierceLLP.com

RIESBERG LAW
Barbara J. Riesberg, Esq. (Pro Hac Vice application pending)
Biscayne Bank Tower, Suite 1100
2601 South Bayshore Drive
Miami, Florida 33133
Telephone: (305) 371-9617
Facsimile:  1 (305) 371-9628
Email: Barbara@riesberglaw.com

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 818 MEDIA PRODUCTIONS, LLC, a Delaware Limited Liability Company,<br>      Plaintiff,<br>    vs.<br>WELLS FARGO BANK, N.A., a national association; WELLS FARGO ADVISORS, LLC, a Delaware limited liability company; BENJAMIN RAFAEL, an individual; HERNAN BERMUDEZ, an individual; WEATHERVANE PRODUCTIONS, INC., a Nevada Corporation; JASON VAN EMAN, an individual; FOREST CAPITAL PARTNERS, INC., a Florida Corporation; BENJAMIN MCCONLEY, an individual; and DOES 1 through 50, inclusive,<br>      Defendants. | Case No. 2:16-cv-09427-PSG(PLAx)<br><br>Hon. Philip S. Gutierrez<br><br>**HERNAN BERMUDEZ' ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT**<br><br>**[Jury Trial Demanded]** |

## ANSWER

Defendant Hernan Bermudez responds as follows to the First Amended Complaint:

1. Bermudez denies that he is subject to personal jurisdiction in California and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 1.

2. Bermudez denies that venue is proper in this judicial district and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 2.

3. Bermudez lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 3.

4. Bermudez lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 4.

5. Bermudez lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 5.

6. Bermudez lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 6.

7. Bermudez lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 7.

8. Bermudez admits that he resides in Florida and has resided in Florida at all relevant times and denies the remaining allegations of paragraph 8.

9. Bermudez admits that he was an employee of Wells Fargo Bank, N.A. ("WFB") during the relevant time and denies the remaining allegations in paragraph 9.

10. Bermudez lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 10.

11. Bermudez lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 11.

12. Bermudez admits that Forest Capital Partners, Inc. is a Florida corporation and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 12.

13. Bermudez admits that Benjamin McConley lives in Florida and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 13.

14. Bermudez lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 14.

15. Bermudez denies the allegations in paragraph 15.

16. Bermudez denies the allegations in paragraph 16.

17. Bermudez denies that Jason Van Eman acted either as his agent or with his authority and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegation in paragraph 17.

18. Bermudez denies that he had any conversations with Plaintiff or its members or that he made any representations to Plaintiff or its members, and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 18.

19. Bermudez denies that he made any representations to Plaintiff and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 19.

20. Bermudez denies that he made any representations to Plaintiff and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 20.

21. Bermudez lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 21.

22. Bermudez lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 22.

23. Bermudez lacks knowledge or information sufficient to form a belief

about the truth of the allegations in paragraph 23.

24. Bermudez lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 24.

25. Bermudez lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 25.

26. Bermudez denies the allegations in paragraph 26.

27. Bermudez denies that he "aiding and assisted in the removal of Plaintiff's funds" and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 27.

28. Bermudez denies that he "aiding and assisted in the removal of Plaintiff's funds" and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 28.

29. Bermudez admits that he was copied on the referenced email and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 29.

30. Bermudez admits that he replied to the referenced email by offering his scheduling availability and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 30.

31. Bermudez admits that he "never responded to Plaintiff" and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 31.

32. Bermudez admits that he was copied on the referenced email and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 32.

33. Bermudez denies the allegations in paragraph 33.

34. Bermudez denies that he engaged in a "scheme" and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 34.

35. Bermudez denies that he was involved in "each of the loans that precipitated this lawsuit" and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 35.

36. Bermudez lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 36.

37. Bermudez reincorporates his responses to the allegations realleged in paragraph 37.

38. The allegations of Count 1 are not asserted against Bermudez, and thus no responsive pleading is required. To the extent a response is deemed necessary, Bermudez denies the allegations in paragraph 38.

39. The allegations of Count 1 are not asserted against Bermudez, and thus no responsive pleading is required. To the extent a response is deemed necessary, Bermudez denies the allegations in paragraph 39.

40. The allegations of Count 1 are not asserted against Bermudez, and thus no responsive pleading is required. To the extent a response is deemed necessary, Bermudez denies the allegations in paragraph 40.

41. The allegations of Count 1 are not asserted against Bermudez, and thus no responsive pleading is required. To the extent a response is deemed necessary, Bermudez denies the allegations in paragraph 41.

42. The allegations of Count 1 are not asserted against Bermudez, and thus no responsive pleading is required. To the extent a response is deemed necessary, Bermudez denies the allegations in paragraph 42.

43. The allegations of Count 1 are not asserted against Bermudez, and thus no responsive pleading is required. To the extent a response is deemed necessary, Bermudez denies the allegations in paragraph 43.

44. The allegations of Count 1 are not asserted against Bermudez, and thus no responsive pleading is required. To the extent a response is deemed necessary, Bermudez denies the allegations in paragraph 44.

45. The allegations of Count 1 are not asserted against Bermudez, and thus no responsive pleading is required. To the extent a response is deemed necessary, Bermudez denies the allegations in paragraph 45.

46. Bermudez reincorporates his responses to the allegations realleged in paragraph 46.

47. Bermudez denies that he "customarily and regularly interact[ed]" with Benjamin Rafael and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 47.

48. Bermudez lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 48.

49. Bermudez admits that WFB provided services to private bank clients but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 49.

50. Bermudez lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 50.

51. Bermudez admits that during the relevant time he was registered with FINRA through Wells Fargo Advisors, LLC ("WFA") and that he was employed by WFB in Fort Lauderdale, Florida as a Regional Private Banker with the title of Assistant Vice President. Bermudez denies the remaining allegations of paragraph 51.

52. Bermudez admits the allegations in paragraph 52 except that Bermudez denies that he worked for WFA or that his duties including "developing and maintaining relationships with Wells Fargo Bank's partners and affiliates."

53. Bermudez lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 53.

54. Bermudez admits that Benjamin Rafael was employed by WFB but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 54.

55. Bermudez admits that he was employed by WFB during the relevant period but denies the remaining allegations in paragraph 55.

56. Bermudez denies the allegations in paragraph 56, including those in all subparagraphs.

57. Bermudez denies the allegations in paragraph 57.

58. Bermudez denies the first sentence of paragraph 58, admits in response to the second sentence that other lawsuits have been filed against some or all of the same defendants, and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

59. Bermudez lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 59.

60. Bermudez lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 60.

61. Bermudez admits that WFB terminated his employment for the reasons quoted in the second sentence of paragraph 61 but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

62. Bermudez lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 62.

63. Bermudez denies that he "opened the bank account at issue in this lawsuit" and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 63.

64. Bermudez denies the allegation in paragraph 64.

65. Bermudez denies that he made the alleged misrepresentations or wrongfully took Plaintiff's funds and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in 65.

66. Bermudez denies the allegation in paragraph 66.

67. Bermudez denies that he made the alleged misrepresentations that are the subject of paragraph 67 and lacks knowledge or information sufficient to form a

belief about the truth of the remaining allegations.

68. Bermudez denies that he made the alleged misrepresentations that are the subject of paragraph 68 and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

69. Bermudez denies the allegations in paragraph 69.

70. Bermudez denies the allegations in paragraph 70.

71. Bermudez reincorporates his responses to the allegations realleged in paragraph 71.

72. Bermudez denies that he "customarily and regularly interact[ed]" with Benjamin Rafael and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 72.

73. Bermudez lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 73.

74. Bermudez admits that WFB provided services to private bank clients but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 74.

75. Bermudez lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 75.

76. Bermudez lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 76.

77. Bermudez admits that Benjamin Rafael was employed by WFB but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 77.

78. Bermudez admits that during the relevant time he was registered with FINRA through WFA and that he was employed by WFB in Fort Lauderdale, Florida as a Regional Private Banker with the title of Assistant Vice President. Bermudez denies the remaining allegations of paragraph 78.

79. Bermudez admits the allegations in paragraph 79 except that Bermudez

denies that he worked for WFA or that his duties including "developing and maintaining relationships with Wells Fargo Bank's partners and affiliates."

80. Bermudez admits that he was employed by WFB during the relevant period but denies the remaining allegations in paragraph 80.

81. Bermudez denies the allegations in paragraph 81, including those in all subparagraphs.

82. Bermudez denies the allegations in paragraph 82.

83. Bermudez denies the allegations in paragraph 83.

84. Bermudez denies the first sentence of paragraph 84, admits in response to the second sentence that other lawsuits have been filed against some or all of the same defendants, and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

85. Bermudez denies that he was "involved in each of the loans that precipitated these lawsuits" and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 85.

86. Bermudez lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 86.

87. Bermudez admits that WFB terminated his employment for the reasons quoted in the second sentence of paragraph 87 but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

88. Bermudez lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 88.

89. Bermudez denies that he "opened the bank account at issue in this lawsuit" and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 89.

90. Bermudez denies that he made the alleged misrepresentations or wrongfully took Plaintiff's funds and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in 90.

HERNAN BERMUDEZ'S ANSWER TO FIRST AMENDED COMPLAINT
-9-

91. Bermudez denies the allegation in paragraph 91.

92. Bermudez denies that he made the alleged misrepresentations that are the subject of paragraph 92 and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

93. Bermudez denies that he made the alleged misrepresentations that are the subject of paragraph 93 and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

94. Bermudez denies the allegations in paragraph 94.

95. Bermudez denies the allegations in paragraph 95.

96. Bermudez reincorporates his responses to the allegations realleged in paragraph 96.

97. Bermudez denies the allegations in paragraph 97 including those in all subparts.

98. Bermudez lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 98.

99. Bermudez denies the allegations in paragraph 99.

100. Bermudez denies the allegations in paragraph 100.

101. Bermudez denies the allegations in paragraph 101.

102. Bermudez denies the allegations in paragraph 102.

103. Bermudez denies the allegations in paragraph 103

104. Bermudez reincorporates his responses to the allegations realleged in paragraph 104.

105. Bermudez denies the allegations in paragraph 105.

106. Bermudez denies the allegations in paragraph 106.

107. Bermudez reincorporates his responses to the allegations realleged in paragraph 107.

108. The allegations of Count 6 are not asserted against Bermudez, and thus no responsive pleading is required. To the extent a response is deemed necessary,

Bermudez denies the allegations in paragraph 108.

109. The allegations of Count 6 are not asserted against Bermudez, and thus no responsive pleading is required. To the extent a response is deemed necessary, Bermudez denies the allegations in paragraph 109.

110. The allegations of Count 6 are not asserted against Bermudez, and thus no responsive pleading is required. To the extent a response is deemed necessary, Bermudez denies the allegations in paragraph 110.

111. Bermudez reincorporates his responses to the allegations realleged in paragraph 111.

112. The allegations of Count 7 are not asserted against Bermudez, and thus no responsive pleading is required. To the extent a response is deemed necessary, Bermudez denies the allegations in paragraph 112.

113. The allegations of Count 7 are not asserted against Bermudez, and thus no responsive pleading is required. To the extent a response is deemed necessary, Bermudez denies the allegations in paragraph 113.

114. The allegations of Count 7 are not asserted against Bermudez, and thus no responsive pleading is required. To the extent a response is deemed necessary, Bermudez denies the allegations in paragraph 114.

115. The allegations of Count 7 are not asserted against Bermudez, and thus no responsive pleading is required. To the extent a response is deemed necessary, Bermudez denies the allegations in paragraph 115.

116. Bermudez reincorporates his responses to the allegations realleged in paragraph 116

117. Bermudez lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 117.

118. Bermudez denies the allegations in paragraph 118.

119. Bermudez denies the allegations in paragraph 119.

120. Bermudez lacks knowledge or information sufficient to form a belief

about the truth of the allegations in paragraph 120.

121. Bermudez denies the allegations in paragraph 121.

122. Bermudez denies the allegations in paragraph 122.

123. Bermudez denies the allegations in paragraph 123.

124. Bermudez denies the allegations in paragraph 124.

125. Bermudez denies the allegations in paragraph 125.

126. Bermudez denies the allegations in paragraph 126.

127. Bermudez denies the allegations in paragraph 127.

## AFFIRMATIVE DEFENSES

In further response to the First Amended Complaint, Bermudez alleges the following separate and distinct affirmative defenses, without conceding that it bears the burden of proof or burden of persuasion as to any of them.

### FIRST AFFIRMATIVE DEFENSE

128. Bermudez is not subject to personal jurisdiction in California.

### SECOND AFFIRMATIVE DEFENSE

129. Plaintiff's claims in the First Amended Complaint are barred in whole or in part because Plaintiff fails to state a claim upon which relief may be granted.

### THIRD AFFIRMATIVE DEFENSE

130. Plaintiff's claims are barred by the doctrine of in pari delicto.

### FOURTH AFFIRMATIVE DEFENSE

131. Plaintiff's claims are barred by the doctrine of assumption of risk.

### FIFTH AFFIRMATIVE DEFENSE

132. Plaintiff's claims are barred, in whole or in part, because it knowingly and voluntarily assumed the risk of loss by, among other things, failing to perform adequate due diligence.

### SIXTH AFFIRMATIVE DEFENSE

133. Plaintiff's claims are barred by the doctrine of unclean hands.

### SEVENTH AFFIRMATIVE DEFENSE

134. Plaintiff's claims are barred by the doctrines of waiver, laches, and/or estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

135. Plaintiff's claims are barred because its alleged damages resulted from an independent breach of the Funding Agreement by Defendants Weathervane Productions, Inc. and Forrest Capital Partners, Inc., and not from any intentional act on the part of Bermudez, who was not a party to the Funding Agreement and acted at all relevant times in good faith and without intent or fault.

## NINTH AFFIRMATIVE DEFENSE

136. Plaintiff's claims are barred because it failed to mitigate its alleged damages.

## TENTH AFFIRMATIVE DEFENSE

137. Plaintiff's claims are barred because Bermudez did not owe a duty of care to Plaintiff.

## ELEVENTH AFFIRMATIVE DEFENSE

138. Plaintiff's claim under Cal. Bus. & Prof. Code § 17200 et seq. is barred, in whole or in part, because Plaintiff lacks standing to sue Bermudez.

## TWELFTH AFFIRMATIVE DEFENSE

139. Plaintiff's claims are barred in whole or in part because no act or omission by Bermudez was the cause in fact or the proximate cause of any damages alleged by Plaintiff. Rather, any harm was caused by Plaintiff's own actions and/or inactions in failing to perform adequate due diligence.

## THIRTEENTH AFFIRMATIVE DEFENSE

140. Plaintiff's alleged damages were caused by its own actions and/or inactions. Alternatively, Plaintiff's alleged damages were caused by the superseding and intervening independent actions of Defendants Benjamin McConley, Jason Van Eman, Forrest Capital Partners, Inc., and Weathervane Productions, Inc., which were not known or foreseeable by Bermudez.

### FOURTEENTH AFFIRMATIVE DEFENSE

141. Any recovery by Plaintiff in this action must be offset to the extent Plaintiff recovers from other sources, including without limitation insurance, settlement, or otherwise.

### FIFTEENTH AFFIRMATIVE DEFENSE

142. Plainiff's claims are barred in whole or in part because Plaintiff is not entitled to the damages or other relief sought.

### SIXTEENTH AFFIRMATIVE DEFENSE

143. Plaintiff's claims are barred in whole or in part because to the extent that any harm to Plaintiff occurred, such harm was caused, if at all, by the conduct of others solely responsible for such acts, or by principles of indemnification.

### SEVENTEENTH AFFIRMATIVE DEFENSE

144. The First Amended Complaint fails to state a claim or cause of action for punitive damages against Defendant Bermudez.

### EIGHTEENTH AFFIRMATIVE DEFENSE

145. If the acts alleged in the First Amended Complaint did occur, the acts were undertaken without malice.

### NINETEENTH AFFIRMATIVE DEFENSE

146. If the acts alleged in the First Amended Complaint did occur, the acts were undertaken in good faith.

### RESERVATION OF RIGHTS

147. Bermudez reserves the right to amend, delete, supplement, and/or correct, these affirmative defenses, and/or assert new and additional affirmative defenses, as discovery progresses.

**WHEREFORE,** Defendant Bermudez respectfully requests entry of judgment in his favor on all causes of action together with an award of costs, reasonable attorneys' fees, and such further relief as the Court deems just and proper.

Dated: March 27, 2017

Respectfully Submitted,

PIERCE LAW GROUP LLP

By: _____
David Albert Pierce, Esq.
Daniel Lifschitz, Esq.
Attorneys for Defendant
HERNAN BERMUDEZ

## DEMAND FOR JURY TRIAL

Defendant Hernan Bermudez demands a trial by jury on all issues so triable.

Dated: March 27, 2017

Respectfully Submitted,

PIERCE LAW GROUP LLP

By: _____
David Albert Pierce, Esq.
Daniel Lifschitz, Esq.
Attorneys for Defendant
HERNAN BERMUDEZ

HERNAN BERMUDEZ'S ANSWER TO FIRST AMENDED COMPLAINT
-16-